The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Are transaction accounts by non-bank business associations prohibited ? 2. Are non-bank business associations required to register bank or trust-related activities conducted in this State? 3. Does the Banking Board have the authority to regulate bank or trust-related activities conducted by non-bank business associations? Your first question must begin with an examination of the language contained in Senate Bill 556, Thirty-Seventh Legislature, Second Regular Session (1980), 1(B) (C), to be codified as 6 O.S. 104 [6-104](B)(C) (1980). Section 6 O.S. 104 [6-104](B)(C), as amended by Senate Bill 556 provides: "B. Any bank, bank holding company, trust company or business association not holding a charter of authority to engage in banking or trust company business in this state shall register with the Commissioner, on a form provided by the Commissioner, all bank or trust-related activities conducted in the state by said bank, bank holding company, or trust company, or any subsidiary or affiliate thereof. "C. Bank or trust-related activities include receiving deposits, transaction accounts, making loans, issuing debentures or other evidence of debt, holding funds or other property in trust, acting in a fiduciary capacity, or conducting in any other manner banking, or bank or trust-related activities." Emphasis added Sub-section B imposes a duty to register with the Bank Commissioner all bank or trust-related activities conducted in this State. Sub-section C provides that the term "bank or trust-related activities" includes transaction accounts, and it also includes "conducting in any other manner banking, or bank or trust-related activities." Transaction accounts by non-bank business associations are not prohibited; but every business association, bank, bank holding company and trust company not holding a charter of authority to engage in the banking or trust company business in this State is required to register with the Bank Commissioner all bank or trust-related activities. Title 6 O.S. 203 [6-203] (1971), provides in pertinent part: "A. Powers. In addition to other powers conferred by this Code, the Board Banking Board shall have power to: . . . "(2) Define any term not defined in this Code. "(3) Adopt and promulgate reasonable and uniform rules and regulations to govern the conduct, operation and management of all banks or trust companies created, organized or existing under or by virtue of the laws of the state of Oklahoma . . . and otherwise to govern the administration of this Code. "(6) Order any person to cease violating a provision of this Code, or a lawful regulation issued thereunder, or to cease engaging in any unsound banking or trust practice." The Banking Board is empowered by 6 O.S. 203 [6-203](A)(2)(3), to define any term not defined in the Banking Code and to adopt and promulgate reasonable and uniform rules and regulations pursuant to its responsibility to govern the administration of all provisions contained in the Banking Code, including the registration of bank or trust-related activities conducted in this State by non-bank business associations. The prefacing language of 104 contemplates that registrants and those seeking to register have not complied with the procedures provided in 6 O.S. 301 [6-301] (1978) et seq., as amended by Senate Bill 556. No express authority is conferred upon the Banking Department to refuse preferred registration pursuant to statutory requirement on the grounds of being inimical to the public interest, and no such discretion may be implied from the powers invested in the Banking Board or Bank Commissioner. Section 104, as amended by SB 556, expresses a legislative intent that bank or trust-related activities conducted in this State by entities not having a charter of authority to engage in such business be registered with the Bank Commissioner. Refusal to permit registration, or revocation of registration, would be contrary to the policy of public disclosure underlying the registration requirement. The Banking Board may, on petition of any interested person and after hearing, issue a declaratory order: ". . . with respect to the applicability of this Code or a rule issued hereunder to any person, property or state of facts. . . ." 6 O.S. 206 [6-206](B) (1971). It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. Transaction accounts by non-bank business associations are not prohibited. 2. Title 6 O.S. 104 [6-104] (1971), as amended by Senate Bill 556, Thirty-Seventh Legislature, Second Regular Session (1980), requires registration of all bank or trust-related activities conducted or sought to be conducted in this State; and the said registration requirement is applicable to all banks, bank holding companies, trust companies and non-bank business associations not holding a charter of authority to engage in the bank or trust company business in this State. 3. The Bank Commissioner is required to provide forms to be used by business associations not holding a charter of authority to engage in the banking or trust company business and otherwise to govern by reasonable and uniform regulations the registration process by which bank or trust-related activities are registered. (John Paul Johnson)